TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorneys for Plaintiff, the proposed*
*FLSA Collective, and potential Rule 23 class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
WEIDONG LI a/k/a Wei Dong Li,
*individually and on behalf of others similarly situated,*
                                                    *Plaintiff,*          **Case No: 17-cv-4277**

                         -against-                                        **29 U.S.C. § 216(b) COLLECTIVE**
                                                                          **ACTION & Fed. R. Civ. P. 23**
TINA NAIL SPA SALON INC.                                                  **CLASS ACTION**
        d/b/a Tina Nail Spa Salon,
DAVID NAILS SPA INC.                                                      **COMPLAINT**
        d/b/a David Nail Spa,
YUE JIE GAO a/k/a Tina Gao, and
HAI YANG a/k/a David Yang
                                                    *Defendants.*
-----------------------------------------------------------------x

      Plaintiff WEIDONG LI a/k/a Wei Dong Li, individually and on behalf of others similarly

situated (collectively the "Plaintiff"), by and through his attorney, Troy Law, PLLC, hereby

brings this Complaint against Defendants TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa

Salon, DAVID NAILS SPA INC. d/b/a David Nail Spa, YUE JIE GAO a/k/a Tina Gao, and HAI

YANG a/k/a David Yang (collectively the "Defendants") and alleges as follows:

## INTRODUCTION

1.     This action is brought by Plaintiff, on behalf of himself as well as other similarly situated

employees, against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA")

29 U.S.C. §§ 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants'

various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage for each hour worked and overtime for all hours worked in excess of forty (40) in each workweek.

3.      Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to NYLL § 650 *et seq.* and the New York Minimum Wage Order for Miscellaneous Industries and Occupations 12 N.Y.C.R.R. § 142 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid spread-of-hours compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime compensation, and unpaid spread-of-hours compensation in the amount of one hundred percent under NY Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest as provided by NYLL § 198 1-a and

CPLR § 5004, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction over this controversy under 29

U.S.C. § 216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor

Law claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)

and (c), because Defendants conduct business in this District, and the acts and omissions giving

rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF**

8.     Plaintiff WEIDONG LI a/k/a Wei Dong Li ("LI") was employed by TINA NAIL SPA

SALON INC. d/b/a Tina Nail Spa Salon located at 756 Upper Glen Street, Queensbury, NY

12804 and by DAVID NAILS SPA INC. d/b/a David Nail Spa at 117 Sanford Farms Shopping

Center, # 30N, Amsterdam, NY 12020, as a manicurist and masseur.

**DEFENDANTS**

*Corporate Defendants*

9.     Defendant TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon is a domestic

business corporation organized under the laws of the State of New York with a principal address

at 756 Upper Glen Street, Queensbury, NY 12804.

10.     Defendant TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon is an enterprise

engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars

($500,000) per year.

11.     Defendant TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon purchases and

handles goods moved in interstate commerce.

12.     Defendant DAVID NAILS SPA INC. d/b/a David Nail Spa is a domestic business corporation organized under the laws of the State of New York with a principal address at 117 Sanford Farms Shopping Center, # 30N, Amsterdam, NY 12020.

13.     Defendant DAVID NAILS SPA INC. d/b/a David Nail Spa is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14.     Defendant DAVID NAILS SPA INC. d/b/a David Nail Spa purchases and handles goods moved in interstate commerce.

15.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendants.

***Individual Defendants***

16.     The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest corporate shareholders or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law, NYBSC § 630(a).

17.     YUE JIE GAO a/k/a Tina Gao, known as "Tina" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records at TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa.

18.     YUE JIE GAO a/k/a Tina Gao was an active manager who supervised Plaintiff's and other employees' work at TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa.

19.     Upon information and belief, YUE JIE GAO a/k/a Tina Gao is the Chief Executive Officer of TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon.

20.     YUE JIE GAO a/k/a Tina Gao acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 201 and the regulations thereunder, and is jointly and severally liable with TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa.

21.     HAI YANG a/k/a David Yang (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records at TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa.

22.     HAI YANG a/k/a David Yang was an active manager who supervised Plaintiff's work at TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa.

23.     Upon information and belief, HAI YANG a/k/a David Yang is the owner of DAVID NAILS SPA INC. d/b/a David Nail Spa.

24.     HAI YANG a/k/a David Yang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 201 and the regulations thereunder, and is jointly and severally liable with TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa.

## STATEMENT OF FACTS

25.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective, and the Class.

26.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

27.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

28.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

29.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours for days when the interval between the beginning and end of their working day, including breaks, was greater than ten (10) hours.

30.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

31.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

32.     Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices reflecting rates of pay and payday

33.     At all relevant times, Defendants knowingly and willfully failed to provide paystubs with each payment of wages that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from

employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

34.     Defendants knew that the nonpayment of wages for all hours worked, the nonpayment of wages at one and one half time (1.5x) employees' regular rates, and the nonpayment of spread-of-hours would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

35.     At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

**Corporate Defendants TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa are successor employers; in the alternative, they are joint employers**

36.     Corporate Defendants TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

37.     TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa are owned and managed by the same Defendants.

38.     TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa regularly and as a routine part of their business transfer employees and equipment from one location to the other.

39.     In the alternative, TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa are joint employers.

40.     TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa jointly provide equipment used by employees in their work.

41.     TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa regularly and as a routine part of their business transfer employees and equipment from one location to the other.

42.     The work performed by employees of TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and DAVID NAILS SPA INC. d/b/a David Nail Spa is integral to the companies' business as nail salons.

43.     Managers from TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon frequently manage employees at DAVID NAILS SPA INC. d/b/a David Nail Spa, and vice versa.

**Plaintiff WEIDONG LI a/k/a Wei Dong Li**

44.     Plaintiff LI was employed from on or about July 28, 2016 to January 3, 2017 to work at TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon's location at 756 Upper Glen Street, Queensbury, NY 12804, as a manicurist and masseur.

45.     While Plaintiff LI did not personally work at 117 Sanford Farms Shopping Center, # 30N, Amsterdam, NY 12020, he has knowledge of other employees who were transferred from 756 Upper Glen Street, Queensbury, NY 12804 to 117 Sanford Farms Shopping Center, # 30N, Amsterdam, NY 12020, and vice versa.

46.     From on or about July 28, 2016 to January 3, 2017, Plaintiff LI was scheduled to work from 9:00 to 20:30 each working day.

47.     However, from on or about July 28, 2016 to January 3, 2017, Plaintiff LI regularly worked from 9:00 to about 21:00 each working day.

48.     From on or about July 28 to on or about October 31, 2016, Plaintiff LI regularly worked seven (7) days, that is eighty-four (84) hours, per week.

49.     From on or about November 1, 2016 to January 3, 2017, Plaintiff LI regularly worked six

(6) days, that is seventy-two (72) hours, per week.

50. From on or about July 28 to on or about October 31, 2016, Plaintiff LI was paid at a rate of five hundred ninety-five dollars ($595.00) per week.

51. From on or about November 1, 2016 to January 3, 2017, Plaintiff LI was paid at a rate of five hundred ten dollars ($510.00) per week.

52. Plaintiff LI's pay did not change depending on the number of hours worked, and there was no provision for overtime.

53. Plaintiff LI was paid every week, three hundred dollars ($300.00) by check and the remainder in cash.

54. Throughout his employment with Defendants, Plaintiff LI lived in a dormitory provided by Defendants, with two other employees.

55. Plaintiff LI and his roommates were each required to pay three hundred twenty dollars ($320.00) per month, inclusive of utilities, to continue living at the company dormitory.

56. Approximately ten dollars and fifty-two cents ($10.52) per day would return from Plaintiff LI to Defendants in the form of rent.

57. Plaintiff LI was not given notice that Defendants claimed his rent as credit toward the minimum wage.

58. Plaintiff LI was not given any breaks.

59. Plaintiff LI had no fixed time to eat lunch. He would eat when he could during the day, when there were few customers. If a customer needed to be served while he was eating, he would be required to stop eating.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees for up to the last three (3) years, through

entry of judgment in this case (the "Collective Action Period") and who were subject to minimum wage and/or overtime compensation shortfall (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings his NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

62.     All said persons, including Plaintiff, are referred to herein as the "Class."

63.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

**Numerosity**

64.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

**Commonality**

65.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;

b.      Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

c.      Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

d.      Whether Plaintiff and the Class members were entitled to and paid spread-of-hours under the NYLL;

e.      Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

g.      Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

h.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

**Typicality**

66.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants

benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

**Adequacy**

67.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

**Superiority**

68.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications

with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

69.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the similarly situated collective action members, for some or all of the hours they worked.

72.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

73.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
**[Violation of New York Labor Law—Nonpayment of Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

76.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Class, for some or all of the hours they worked.

77.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

78.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

## COUNT III.
**[Violations of the Fair Labor Standards Act—Nonpayment of Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

81.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

82.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime wages violated the FLSA.

83.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

84.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

85.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

86.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

89.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

90.     Defendants' failure to pay Plaintiff and her overtime pay violated the NYLL.

91.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

92.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.     Defendants willfully failed to maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 N.Y.C.R.R. § 142-2.6.

94.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

95.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their

exploitation of Plaintiff's labor.

96.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VI.
**[Violation of New York Labor Law— Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]**

97.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

99.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on her first day of employment.

100.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

101.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII.
### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on behalf of Plaintiff and Rule 23 Class]

102.　Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.　The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

104.　Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide full and accurate paystub on or after each Plaintiff's payday.

105.　Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT VIII.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434
### Brought on behalf of the Plaintiff]

106.　Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107.　26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

108.　Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's

discretion, reasonable attorneys' fees.

**COUNT IX.**
**[Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349**
**Brought on behalf of the Plaintiff]**

109.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.    NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

111.    Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, her actual damages or fifty dollars ($50), whichever is greater, or both such actions.

112.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

(a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

(b)      Certification of this case as a collective action pursuant to FLSA;

(c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

(d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL and CGS;

(e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

(f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

(g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

(h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

(i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's

wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

(j)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to New York Labor Law;

(k)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

(l)     The cost and disbursements of this action;

(m)     An award of prejudgment and post-judgment fees;

(n)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

(o)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
        June 7, 2017

TROY LAW, PLLC
*Attorney for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiff*


 /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com