# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

May 16, 2018

<u>Via ECF</u>
Honorable Katherine H Parker
United States District Court
Southern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*LI et al. v TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon et al., 17-cv-04277*

Dear Judge Parker:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

    **I.**    **Background**

Plaintiff WEI DONG LI was employed by Defendants TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon; and DAVID NAILS SPA INC. d/b/a David Nail Spa and YUE JIE GAO a/k/a Tina Gao, and HAI YANG a/k/a David Yang, (collectively, "Defendants"),

This lawsuit was originally filed on June 07, 2017, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid spread-of-hours compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime compensation, and unpaid spread-of-hours compensation in the amount of one hundred percent under NY Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (5) up to five thousand dollars ($5,000) per

1

Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest as provided by NYLL § 198 1-a and CPLR § 5004, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.   The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Sixteen Thousand Dollars ($16,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff WEIDONG LI claimed that he worked approximately forty-eight (48) hours on average each week from July 28, 2016 to July 31, 2016; for about seventy-two (72) hours on average each week from August 01, 2016 to September 25, 2016; for about

2

sixty (60) hours on average each week from September 26, 2016 to December 25, 2016; for about twenty-four (24) hours on average each week from December 26, 2016 to January 01, 2017; and he was paid Ninety Dollars ($90.00) per day from July 28, 2016 to July 31, 2016; eighty-five dollars ($85.00) per day from August 01, 2016 to August 28, 2016; ninety dollars ($90.00) per day from August 29, 2016 to October 02, 2016; and eighty-five dollars ($85.00) per day from October 03, 2016 to January 01, 2017.

Plaintiff WEIDONG LI's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Ten Thousand Six Hundred Sixty-Three Dollars And Seventy-One Cents ($10,663.71) and his minimum wage, overtime compensation and spread-of-hour shortfall under the NYLL was Twelve Thousand One Hundred Seventy-Five Dollars And Forty-Three Cents ($12,175.43). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Seven Hundred Twenty-Six Dollars And Forty-Seven Cents ($1,726.47) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Thirty-Six Thousand Seventy-Seven Dollars And Thirty-Three Cents ($36,077.33).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Sixteen Thousand Dollars ($16,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, but disputed Plaintiff's alleged hours worked, amount of compensation paid, and amount of paystub penalty owed. For example, plaintiff worked no more than 23 weeks for Defendants, and would thus be owed no more than $3,450 in pay stub violation penalties (at $150/week), were Plaintiff successful on her pay stub claim.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

Defendants contended that Plaintiff is entitled at most to $10,000.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants contend that their actions were in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Sixteen Thousand Dollars ($16,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Five Hundred Thirty Dollars And Fifty Cents ($530.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Fifteen Thousand Four Hundred Sixty-Nine Dollars And Fifty Cents ($15,469.50).

Of the Net Settlement Amount, One Third (1/3), or Five Thousand One Hundred Fifty-Six Dollars And Fifty Cents($5,156.50), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Five Hundred Thirty Dollars And Fifty Cents ($530.50) for a total of Five Thousand Six Hundred Eighty-Seven Dollars ($5,687.00). Of the Net Settlement Amount, Two Thirds (2/3), or Ten Thousand Three Hundred Thirteen Dollars($10,313.00) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| **TROY LAW PLLC** | **YERMAN & JIA, LLC** |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel.: 718 762 1324

Matthew C. Heerde, Esq.
225 Broadway, 19th Floor
New York, NY 10007
Tel: 3474603588