# SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) WEI DONG LI (hereinafter "Plaintiff") (ii) TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon; and DAVID NAILS SPA INC. d/b/a David Nail Spa and YUE JIE GAO a/k/a Tina Gao, and HAI YANG a/k/a David Yang (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on June 07, 2017, WEI DONG LI, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-04277 (the "Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint ;

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Matthew C. Heerde, Esq., YERMAN & JIA, LLC, 225 Broadway, 19th Floor, Tel: 3474603588, Email: matthew.heerde@jiaesq.com and

**WHEREAS**, The Parties, through their attorneys, have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims only against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Sixteen Thousand Dollars ($16,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Five Hundred Thirty Dollars And Fifty Cents ($530.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Fifteen Thousand Four Hundred Sixty-Nine Dollars And Fifty Cents ($15,469.50).

Of the Net Settlement Amount, One Third (1/3), or Five Thousand One Hundred Fifty-Six Dollars And Fifty Cents($5,156.50), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Five Hundred Thirty Dollars And Fifty Cents ($530.50) for a total of Five Thousand Six Hundred Eighty-Seven Dollars ($5,687.00). Of the Net Settlement Amount, Two Thirds (2/3), or Ten Thousand Three Hundred Thirteen Dollars($10,313.00) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

**2. Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows:

i) Installment 1 of 6: Two Thousand Seven Hundred Fifty Dollars ($2,750.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 1 months of judicial approval of this settlement agreement and consist of three (3) checks:

> 01) A bank check made payable to "Troy Law, PLLC" in the amount of of Five Hundred Thirty Dollars And Fifty Cents ($530.50) and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 1 of 6" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;
>
> 02) A bank check of Seven Hundred Thirty-Nine Dollars And Eighty-Three Cents ($739.83), made payable to "Troy Law, PLLC" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 1 of 6";
>
> 03) A bank check of One Thousand Four Hundred Seventy-Nine Dollars And Sixty-Seven Cents ($1,479.67), made payable to "WEI DONG LI" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 1 of 6";

ii) Installment 2 of 6: Two Thousand Six Hundred Fifty Dollars ($2,650.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 2 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Eight Hundred Eighty-Three Dollars And Thirty-Three Cents ($883.33), made payable to "Troy Law, PLLC" and memo

noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 2 of 6";

02) A bank check of One Thousand Seven Hundred Sixty-Six Dollars And Sixty-Seven Cents ($1,766.67), made payable to "WEI DONG LI" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 2 of 6";

iii) Installment 3 of 6: Two Thousand Six Hundred Fifty Dollars ($2,650.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 3 months of judicial approval of this settlement agreement and consist of two (2) checks:

01) A bank check of Eight Hundred Eighty-Three Dollars And Thirty-Three Cents ($883.33), made payable to "Troy Law, PLLC" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 3 of 6";

02) A bank check of One Thousand Seven Hundred Sixty-Six Dollars And Sixty-Seven Cents ($1,766.67), made payable to "WEI DONG LI" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 3 of 6";

iv) Installment 4 of 6: Two Thousand Six Hundred Fifty Dollars ($2,650.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 4 months of judicial approval of this settlement agreement and consist of two (2) checks:

01) A bank check of Eight Hundred Eighty-Three Dollars And Thirty-Three Cents ($883.33), made payable to "Troy Law, PLLC" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 4 of 6";

02) A bank check of One Thousand Seven Hundred Sixty-Six Dollars And Sixty-Seven Cents ($1,766.67), made payable to "WEI DONG LI" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 4 of 6";

v) Installment 5 of 6: Two Thousand Six Hundred Fifty Dollars ($2,650.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 5 months of judicial approval of this settlement agreement and consist of two (2) checks:

      01) A bank check of Eight Hundred Eighty-Three Dollars And Thirty-Three Cents ($883.33), made payable to "Troy Law, PLLC" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 5 of 6";

      02) A bank check of One Thousand Seven Hundred Sixty-Six Dollars And Sixty-Seven Cents ($1,766.67), made payable to "WEI DONG LI" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 5 of 6";

  vi) Installment 6 of 6: Two Thousand Six Hundred Fifty Dollars ($2,650.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 6 months of judicial approval of this settlement agreement and consist of two (2) checks:

      01) A bank check of Eight Hundred Eighty-Three Dollars And Thirty-Three Cents ($883.33), made payable to "Troy Law, PLLC" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 6 of 6";

      02) A bank check of One Thousand Seven Hundred Sixty-Six Dollars And Sixty-Seven Cents ($1,766.67), made payable to "WEI DONG LI" and memo noting "TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon Settlement Pay 6 of 6";

**3. Confession of Judgment**

a) Concurrent with the signing of this Stipulation, an authorized corporate authority of TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon; and DAVID NAILS SPA INC. d/b/a David Nail Spa and YUE JIE GAO a/k/a Tina Gao, and HAI YANG a/k/a David Yang shall each sign a Confession of Judgment in the form annexed hereto as Exhibits B, C, D, and E in the amount of Thirty-Two Thousand Dollars ($32,000.00) or two (2) times the Settlement Amount of Sixteen Thousand Dollars ($16,000.00) less payments made under the Agreement plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorney's fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement, which Confession of Judgment shall be held in escrow by Plaintiff's Attorney and shall not be filed with the Court unless Defendants fail to pay any of the payments required by paragraph 1 on or by the dates they are due, and fail to cure within ten (10) days of receiving notice of default. The form of the Judgment of Confession may be altered as necessary by Plaintiff's counsel to ensure compliance with the requirements of the Court.

b) Upon receipt of the final installment from Defendants, Plaintiff's Attorney shall destroy the Confession of Judgment and confirm destruction of same to Defendants' Attorney.

### 4. Missed/ Late Payment

a) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to whatever service charge that are incurred as a result of the bounced check and this charge will be paid with the new payment.
b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.
c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

### 5. Attorneys' Fees in the Event of Default

a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

### 6. Stipulation Not To Sell without Advance Notice

a) Defendants' sale of their business shall result in the accelerated payment of the entire Settlement sum.
b) Further, Defendants agree not to sell the business without giving Plaintiffs three months advance notice and further agree to hold any sale proceeds in escrow in the full amount of settlement sum still due to Plaintiffs.
c) Shall the proceeds be less than full settlement sum, the entirety of the proceeds shall be held in escrow for Plaintiffs.

### 7. Acceleration of Settlement Sum Upon Default

a) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

### 8. Tax

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 9. Full Payment

a) Except as set forth in this Paragraph 1, Plaintiff is not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that unless he enters into this agreement, he would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff each acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he/ she has each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.

b) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants, as alleged in the Complaint, including any claims for wages or overtime pay under state, federal or common law, and any claims for liquidated damages, statutory penalties, attorneys' fees, costs, interest and/or other expenses.

**10. Mutual Release**

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) YUE JIE GAO a/k/a Tina Gao, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) HAI YANG a/k/a David Yang, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (iv) DAVID NAILS SPA INC. d/b/a David Nail Spa and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees;  from any claims whatsoever alleged in the Complaint, including liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever pertaining to Plaintiff's employment with Defendants as specified in the in the Complaint. This release does not include a release of any rights Plaintiff's may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiff further agrees and understands that he has each waived his right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by his or on his behalf arising from, or in any way relating to, his employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 11. Discontinuance of Claims

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in the Complaint.

### 12. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 13. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 14. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 15. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 16. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 17. Legal Counsel

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 18. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

WEI DONG LI

_WEI DONG LI_
Dated:

**DEFENDANTS**

YUE JIE GAO a/k/a Tina Gao

_____
Dated:  05 / June / 2018


HAI YANG a/k/a David Yang


_____
Dated:


TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon

_____
Name: Yue Jie Gao
Title: Owner
Dated:  June 05, 2018


DAVID NAILS SPA INC. d/b/a David Nail Spa


_____
Name: Hai Yang
Title: Owner
Dated:

**DEFENDANTS**

YUE JIE GAO a/k/a Tina Gao

_____
Dated:


HAI YANG a/k/a David Yang

*Hai Yang*
Dated: 06/21/2018

TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon

_____
Name: Yue Jie Gao
Title: Owner
Dated:


DAVID NAILS SPA INC. d/b/a David Nail Spa

_____
Name: Hai Yang
Title: Owner
Dated:

Sworn to me this 21st day of June, 2018

*[Notary signature]*

JOSEPH ADRIEN HAMEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6362668
Qualified in Queens County
My Commission Expires 08-07-2021

EXHIBIT A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LI et al.

                                Plaintiff,          Case No.17-cv-04277

      v.

TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa    **STIPULATION AND ORDER OF**
Salon et al.    **DISMISSAL WITH PREJUDICE**

                                Defendants.
-------------------------------------------------------------x

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

TROY LAW, PLLC                            YERMAN & JIA, LLC
*Attorneys for the Plaintiff*

                                                        *Attorneys for Defendants*

By: _____
John Troy (JT0481)                         Matthew C. Heerde, Esq.
41-25 Kissena Blvd., Suite 119          225 Broadway, 19th Floor
Flushing, NY 11355                          New York, NY 10007
Tel: 718 762 1324                              Tel: 3474603588

SO ORDERED.

_____

**EXHIBIT B.**

_____ **COURT**
**COUNTY OF** _____   Case No.
-----------------------------------------------------------x
WEI DONG LI

                       Plaintiff,   **AFFIDAVIT OF CONFESSION**
                  v.   **OF JUDGMENT BY YUE JIE**
TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa   **GAO a/k/a Tina Gao**
Salon;; and
DAVID NAILS SPA INC. d/b/a David Nail Spa ,
YUE JIE GAO a/k/a Tina Gao, and
HAI YANG a/k/a David Yang
                      Defendants.
-----------------------------------------------------------x
STATE OF NEW YORK   )
                      ) ss:
COUNTY OF WARREN   )

YUE JIE GAO a/k/a Tina Gao, being duly sworn, deposes and states as follows:

1. I am an adult individual residing in Warren County New York.
2. I am individually named as a Defendant in LI *et al.* v TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon *et al.*, Civil Action No. Case No. 17-cv-04277 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff'sin connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff's WEI DONG LI (hereinafter "Plaintiff").
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On June 07, 2017, WEI DONG LI, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-04277 (the "Complaint").

7. On or around May 16, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Sixteen Thousand Dollars ($16,000.00).
9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff's shall notify Defendants' Attorney Matthew C. Heerde, Esq., YERMAN & JIA, LLC, 225 Broadway, 19th Floor, Tel: 3474603588, Email: matthew.heerde@jiaesq.com, in writing of his intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in Warren County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

_____
YUE JIE GAO a/k/a Tina Gao

Sworn to me this 5th day of June, 2018

_____
Notary Public

JOSEPH ADRIEN HAMEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6362668
Qualified in Queens County
My Commission Expires 08-07-2021

## EXHIBIT C.

| | |
|---|---|
| _____ **COURT** <br> **COUNTY OF** _____ <br> ------------------------------------------------------------x <br> WEI DONG LI <br>                                   Plaintiff, <br>            v. <br> TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon;; and <br> DAVID NAILS SPA INC. d/b/a David Nail Spa , <br> YUE JIE GAO a/k/a Tina Gao, and <br> HAI YANG a/k/a David Yang <br>                          Defendants. <br> ------------------------------------------------------------x | Case No. <br><br> **AFFIDAVIT OF CONFESSION OF JUDGMENT BY HAI YANG a/k/a David Yang** |

STATE OF NEW YORK   )
                             ) ss:
COUNTY OF WARREN  )

HAI YANG a/k/a David Yang, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at in Warren County New York..
2. I am individually named as a Defendant in LI *et al.* v TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon *et al.*, Civil Action No. Case No. 17-cv-04277 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff'sin connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff's WEI DONG LI (hereinafter "Plaintiff").
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On June 07, 2017, WEI DONG LI, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "NYLL"), 17-cv-04277 (the "Complaint").

7. On or around May 16, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Sixteen Thousand Dollars ($16,000.00).
9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff's shall notify Defendants' AttorneyMatthew C. Heerde, Esq., YERMAN & JIA, LLC, 225 Broadway, 19th Floor, Tel: 3474603588, Email: matthew.heerde@jiaesq.com, in writing of his intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in Warren County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: 06/21/2018

_____
HAI YANG a/k/a David Yang

Sworn to me this 21st day of June, 2018

_____
Notary Public

JOSEPH ADRIEN HAMEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6362668
Qualified in Queens County
My Commission Expires 08-07-2021

**EXHIBIT D.**

| | |
|---|---|
| _____ **COURT** | |
| **COUNTY OF** _____ | Case No. |

-----------------------------------------------------------x
WEI DONG LI

                      Plaintiff,

      v.

TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon; and
DAVID NAILS SPA INC. d/b/a David Nail Spa,
YUE JIE GAO a/k/a Tina Gao, and
HAI YANG a/k/a David Yang

                      Defendants.

-----------------------------------------------------------x

**AFFIDAVIT OF CONFESSION OF JUDGMENT BY**
Name: YUE JIE GAO_____
Title: OWNER
for **TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon**

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF WARREN)

Name: Yue Jie Gao being duly sworn, deposes and states as follows:

1. I am an adult individual residing in Warren County New York.
2. I am the Title: Owner of Corporate Defendant TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon, which is named as a Defendant in LI *et al.* v TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon *et al.*, Civil Action No. Case No. 17-cv-04277 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon (the "Corporate Defendant").
4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
5. This confession of judgment is for a debt due to Plaintiff WEI DONG LI (hereinafter "Plaintiff").
6. The facts out of which the debt arose and the sum confession due is set forth below:
7. On June 07, 2017, WEI DONG LI, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-04277 (the "Complaint").

8. On or around May 16, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
9. The agreement provides that Defendants will pay Sixteen Thousand Dollars ($16,000.00).
10. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Matthew C. Heerde, Esq., YERMAN & JIA, LLC, 225 Broadway, 19th Floor, Tel: 3474603588, Email: matthew.heerde@jiaesq.com, in writing of his intent to do so, and Defendants shall have ten (10) days to remedy their default.
1. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against the Corporate Defendant TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon for the entire amount of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in Warren County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

_____
Name: _____Yue Jie Gao_____

Title: Owner

for TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon

Sworn to me this 5th day of June, 2018

_____
Notary Public

JOSEPH ADRIEN HAMEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6362668
Qualified in Queens County
My Commission Expires 08-07-2021

**EXHIBIT E.**

_____ **COURT**
**COUNTY OF** _____

Case No.

------------------------------------------------------------x
WEI DONG LI

                        Plaintiff,

      v.

TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon; and
DAVID NAILS SPA INC. d/b/a David Nail Spa ,
YUE JIE GAO a/k/a Tina Gao, and
HAI YANG a/k/a David Yang

                        Defendants.

------------------------------------------------------------x

**AFFIDAVIT OF CONFESSION OF JUDGMENT BY**
Name:\_\_Hai Yang_____
Title: Owner
for **DAVID NAILS SPA INC. d/b/a David Nail Spa**

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF WARREN)

Name: Hai Yang being duly sworn, deposes and states as follows:

1. I am an adult individual residing at Warren County New York.
2. I am the Title: Owner of Corporate Defendant TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon, which is named as a Defendant in LI *et al.* v TINA NAIL SPA SALON INC. d/b/a Tina Nail Spa Salon *et al.*, Civil Action No. Case No. 17-cv-04277 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant DAVID NAILS SPA INC. d/b/a David Nail Spa (the "Corporate Defendant").
4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
5. This confession of judgment is for a debt due to Plaintiff WEI DONG LI (hereinafter "Plaintiff").
6. The facts out of which the debt arose and the sum confession due is set forth below:
7. On June 07, 2017, WEI DONG LI, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District

of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-04277 (the "Complaint").

8. On or around May 16, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
9. The agreement provides that Defendants will pay Sixteen Thousand Dollars ($16,000.00).
10. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Matthew C. Heerde, Esq., YERMAN & JIA, LLC, 225 Broadway, 19th Floor, Tel: 3474603588, Email: matthew.heerde@jiaesq.com, in writing of his intent to do so, and Defendants shall have ten (10) days to remedy their default.
2. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against the Corporate Defendant DAVID NAILS SPA INC. d/b/a David Nail Spa for the entire amount of Thirty-Two Thousand Dollars ($32,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in Warren County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: 06/21/2018

Name: _____ Hai Yang _____

Title: _____ Owner _____

for DAVID NAILS SPA INC. d/b/a David Nail Spa

Sworn to me this 21st day of June 2018

_____
Notary Public

JOSEPH ADRIEN HAMEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6362668
Qualified in Queens County
My Commission Expires 08-07-2021